Henry F. Weeks, Appellant *v.* Civil Service Commission, City of Philadelphia, Appellee.

Submitted on briefs April 11, 1985, to Judges CRAIG and COLINS and Senior Judge KALISH, sitting as a panel of three.

*Herbert L. Ocks, Bloom, Ocks and Fisher,* for appellant.

*Jesse Milan, Jr.,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE COLINS, May 30, 1985:

In June, 1981, the Personnel Department of the City of Philadelphia administered a promotional examination for the position of Fire Department Battalion Chief. The test consisted of two parts, one written and one oral. The relative weights to be given to the oral and written components were determined by the Personnel Department. A score of 70% was needed to pass the oral examination which was written by a personnel analyst with seven years of experience in the department, having written at least sixty (60) such examinations. The personnel analyst was assisted by a Deputy Chief of the Fire Department. This oral examination was administered and graded by several "raters" who scored the applicants on the basis of a model answer supplied by the personnel analyst.

Appellant did not score 70% or better on the oral component of the examination, was thereby disqualified for promotion, and appealed to the Philadelphia Civil Service Commission (Commission). The Commission denied his appeal and the Court of Common Pleas of Philadelphia County affirmed. This appeal followed.

Appellant contends that the Commission erred by (1) failing to recompute appellant's grades to comply with the statutory requirement of the Act of June 25, 1919, P.L. 581, *as amended*, 53 P.S. §12634 (Act), which limits the weight to be given the oral part of the examination to 25% of the total examination score; (2) failing to find irregularity or bias in the construction and administration of the oral examination due to the subjectivity of the raters in their grading process; and (3) failing to find that by changing the passing grade after the written part of the examination had been given and graded, rendered the testing process illegal as a matter of law.

Appellate review of the decisions of the Commission is limited to questions of jurisdiction, the regularity of the proceedings, and whether the Commission exceeded its authority or violated a guaranteed constitutional right. *Staton v. Civil Service Commission of the City of Philadelphia,* 1 Pa. Commonwealth Ct. 543, 275 A.2d 716 (1971).

This Court finds no abuse of the Commission's discretion in the construction or administration of the promotional examination. The Commission was well within its power when it refused a promotion to appellant.

In 1951, pursuant to 53 P.S. §13101,[1] which provides that "[a]ny city of the first class may frame and

---

[1] Act of April 21, 1949, P.L. 665, 53 P.S. §13101.

adopt a charter for its own government. . . .'', the City of Philadelphia adopted the Philadelphia Home Rule Charter (Home Rule Charter).[2] This Home Rule Charter was intended to ''. . . supersede all statutes or parts of statutes, local, special or general, and all ordinances of the City, affecting the organization, government and powers of the City to the extent that they are inconsistent or in conflict'' with it.[3] Section 7.7-400 of the Home Rule Charter[4] authorizes the creation of Civil Service Regulations by the City of Philadelphia through its own Civil Service System. Philadelphia Civil Service Regulation 9.016 provides that the Director "shall determine and establish such policies and procedures for the preparation, conduct, rating and review of examinations as are necessary or convenient to implement this Regulation.'' Section 9.04 of these Regulations further provides that "[b]efore the first part of an examination is held, the Director shall determine and announce to the candidates the several parts of the examination and the weights to be assigned to the grades attained in each.''

Section 12634 of the Act, which limits the weight of the oral examination to 25%, has been superseded by the Home Rule Charter which created the Philadelphia Civil Service Commission. For this reason, we find no merit in appellant's contention that the weighting of the oral examination as 50% of the total test score was improper.

We also find no merit in appellant's contention that the Commission abused its discretion by administering oral examinations which, because each was administered and graded by a different rater, were entirely too subjective. This Court, likewise, fails to

[2] 351 Pa. Code §§1.1-100-12.12503.

[3] 351 Pa. Code §11.11-101.

[4] 351 Pa. Code §7.7-400.

hold as improper a grading system which, after written examinations were given, allowed the Commission to readjust the total passing grade necessary for promotion. Section 7.7-102 of the Home Rule Charter.[5] provides that "the Personnel Director shall designate appropriate persons to assist in the preparation and rating of tests." Moreover, Section 7.7-401(c)[6] provides generally for "[o]pen competitive examinations to test the relative fitness of applicants for the respective positions." By law, therefore, the Personnel Director is vested with broad discretion in the administration of the examination. The explanatory notes to subsection (c) provide that "the Director should be free to use any investigation of education and experience and any test of capacity . . . which in his judgment serves this end."

Oral examinations are by nature subjective. If every disappointed applicant for promotion in the civil service could obtain judicial review of every examination, testing procedure and manner of grading, then the authority vested by law in the Commission, because of a justified deference to its expertise in such matters, would, in effect, be replaced by the courts. The illogical result would be that a system of examinations and promotions could never be established without judicial approval.

For the reasons stated above, the order of the Court of Common Pleas of Philadelphia County is affirmed.

ORDER

AND Now, May 30, 1985, the order of the Court of Common Pleas of Philadelphia County, dated November 11, 1983, No. 5096 January Term, 1983, is affirmed.

---

[5] 351 Pa. Code §7.7-102.
[6] 351 Pa. Code §7.7-401(c).